D. C. RICHARDSON, PLAINTIFF, v. NELLIE RICHARDSON COOKE,
DEFENDANT.

(Filed 21 October, 1953.)

APPEAL by defendant from *Stevens, J.,* at June Term, 1953, of
CARTERET.

From papers filed in this Court by defendant, as appellant, it would
seem that this is a special proceeding instituted for the purpose of selling
land for partition; that there is in the Clerk's office a fund, the proceeds

of the sale of the land, for distribution; that at June Term, 1952, Judge Burney entered an order for distribution of the fund, from which order defendant attempted to appeal, but did not perfect the appeal; that at March Term, 1953, Judge Stevens entered an order purporting to grant defendant a continuance until June Term, 1953, to employ counsel and perfect her appeal, which he could not do under rules of practice; and that at June Term, 1953, Judge Stevens, after finding as facts that defendant had failed to produce bond as per the order of Judge Burney, or to employ counsel, or to file a case on appeal as ordered at March Term, 1953, entered an order dismissing the appeal of defendant, and ordering that the funds in custody of the Clerk be immediately distributed in accordance with the order of Judge Burney. By what authority this order was made does not appear. But it is from this order of Judge Stevens that this appeal is attempted.

However, the rules of the Supreme Court, governing appeals, have not been complied with: (1) The record proper, consisting of summons, pleadings, judgment, and orders, other than the Stevens order of June, 1953, are not contained in the papers filed in this Court as required by Rule 19 of Rules of Supreme Court—221 N.C. 553; (2) No appeal bond has been filed, as required by statute G.S. 1-270, G.S. 1-285, nor, in lieu thereof, provision for pauper appeal has been filed as permitted by statute G.S. 1-288; (3) No proper case on appeal has been settled and filed as required by G.S. 1-282 and G.S. 1-283; (4) The record has not been printed, or, in lieu thereof, typewritten copies furnished as required and permitted by Rule 22 of Rules of Supreme Court, 221 N.C. 559; and (5) Brief of defendant, as appellant, has not been printed, or, in lieu thereof, typewritten copies furnished, as required and permitted by the rules 27 and 28 of Rules of Supreme Court, 221 N.C. 562.

*For defendant, appellant, in propria personam.*
*For plaintiff, appellee, no counsel.*

PER CURIAM. In spite of, and disregarding an utter failure to present a record or case on appeal in compliance with the rules of the Court, and practice prescribed by statute in such cases, which merits a dismissal of the appeal, this Court has carefully reviewed the papers filed, and listened patiently to personal appeal of defendant, in her appearance before the Court, that she have an actual partition of the "Richardson Family Homeplace," the subject of the proceeding. And if there were merit in her desire for an actual partition, the record fails to show that defendant has preserved her right to present the question to this Court.

Therefore let the appeal be dismissed.

Appeal dismissed.